# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL JAMES BAXLEY | CIVIL ACTION NO. 09-0647 |
| VS. | SECTION P |
| STACEY LaBELLE, ET AL. | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

## *REPORT AND RECOMMENDATION*

*Pro se* plaintiff Michael James Baxley, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 17, 2009. Plaintiff is an inmate who is incarcerated in the St. Mary Parish Law Enforcement Center, Centerville, Louisiana, however when he filed this suit he was confined in the Morgan City Jail (MCJ), Morgan City, Louisiana. Plaintiff complains that he was wrongfully placed in a disciplinary cell and that he lost his trustee status and the opportunity to earn good time credits. He sued Corrections Officer LaBelle, the Morgan City Police Department, the City of Morgan City, its Mayor Timothy Matte, Jail Supervisor Herbert Johnson, and Chief Mark Folse seeking punitive damages in the amount of $100,000 and compensatory damages for pain and suffering in the amount of $200,000. He also prayed that the court order a mental evaluation of Corrections Officer LaBelle, and "sensitivity training" for and apologies from all concerned.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

## *Background*

Plaintiff was convicted of the misdemeanor offense of possession of marijuana and sentenced to serve 6 months in jail. He was incarcerated at the MCJ where he was afforded trustee status and a prison job working in the laundry. On March 30, 2009 his request for a razor was inexplicably denied by Corrections Officer LaBelle. Plaintiff accused her of discriminating against him, and requested a grievance form. In response, LaBelle ordered plaintiff back to his cell and advised him that he was no longer a trustee.

Sometime later LaBelle summoned plaintiff. Plaintiff stated, "if you are going to yell at me will you give me a grievance form and let me go back to my cell." LaBelle got angry and told plaintiff that she would "break" him. She then ordered plaintiff stripped and placed in the "hole" or disciplinary detention cell with another inmate. Corrections Officer Doral escorted plaintiff to the "hole" (called "Alaska" because it is so cold) and after plaintiff removed his clothing, advised plaintiff that he would get him a blanket. The cell was very cold and plaintiff felt "inhuman being in a cell with a fully clothed person while...naked..."

After a short while, Doral returned and served plaintiff his supper. Plaintiff threatened to sue and in a short while Doral returned with plaintiff's clothes. Plaintiff estimated that he was naked for 1 or 1 ½ hours. Once plaintiff dressed, LaBelle returned to the cell and apologized to plaintiff and attempted to engage him in "a line of discussion" but plaintiff was in "extreme mental anguish" and could not respond. LaBelle then directed plaintiff to return to his cell. Two days later plaintiff was offered his trustee job but he refused because he did not want to work with Corrections Officer LaBelle. According to plaintiff he lost 1 ½ months of "good time"

when he lost trustee status and he suffered "extreme mental anguish and physical pain..." and the deprivation of constitutional rights.

## *Law and Analysis*

### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff argues specific legal theories and provides a sufficiently detailed recitation of the facts supporting his claims. Plaintiff need not be afforded an opportunity for further amendment.

***2. Confinement in Lock-Down, Loss of Trustee Status, and Prison Job***

Plaintiff complains that he was wrongfully confined to "lock down" cell ("Alaska") for a period of from 60 to 90 minutes. Plaintiff implies that his due process rights were violated when Corrections Officer LaBelle ordered him to remove his clothes placed him in administrative segregation. This allegation, taken as true for the purposes of this Report, fails to state a claim for which relief might be granted pursuant to 42 U.S.C. § 1983 because "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The federal jurisprudence holds, that while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that

impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Thus, relying on *Sandin*, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.' " *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights). The Fifth Circuit has also rejected a state prisoner's claim that the additional restrictions imposed on those in administrative segregation violated his due process rights.  See *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (*per curiam*)(absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.).

In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ... do not implicate due process concerns." See *Madison*, 104 F.3d at 768; see also *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications.").  Plaintiff's confinement in lock down for such a relatively short period did not amount to an "atypical" hardship and therefore, insofar as he complains about that confinement, his claim is frivolous.

By the same token, even the total loss of trustee status or a prison job does not implicate due process concerns. *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995); *Meachum v. Fano*, 427 U.S. 215, 228 (1976).

To the extent that plaintiff lost "good time" credits as a result of the incidents complained of, he arguably states a claim for relief, since the loss of such credits is not considered "atypical." *Sandin v. Conner*, 515 U.S. 472, 477-78, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (noting that the prisoner has a liberty interest in early release from prison created by statutes that shorten sentences for good time, not in the good time credits themselves). However, plaintiff, maintains that his eligibility for "good time" credits was conditioned upon his trustee status and prison job; yet, by his own admission he was offered the opportunity to resume his prison job and trustee status and he refused. Thus, any loss of "good time" must be attributed to plaintiff and not the defendants.

In short, plaintiff's due process claims are frivolous.

### *3. Conditions of Confinement*

Plaintiff complains about the conditions of confinement he experienced during his brief stay in lock-down. He complains that he was required to remove his clothing and enter the lock down cell; he complains that the cell was cold and that he was "made to feel inhuman" when he was forced to endure those conditions.

"The Constitution 'does not mandate comfortable prisons,' ... but neither does it permit inhumane ones...." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).

Prison officials must provide humane conditions of confinement, including adequate food, shelter, medical care, and reasonable safety. *Farmer*, 511 U.S. at 832 (citations omitted).

"A two-part test determines whether a prisoner has established a constitutional violation." *Harper v. Showers*, 174 F.3d 716, 719-20 (5th Cir.1999) (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)). The prisoner must show: "first, that the deprivation alleged was sufficiently serious ...; and second, that the prison official possessed a sufficiently culpable state of mind." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001). For the second element of a conditions of confinement claim, the Supreme Court has defined "culpable state of mind" to mean that the "official acted with deliberate indifference to inmate health or safety." *Id.* "It is ... fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer*, 511 U.S. at 836. At this step, the prisoner must show that the "defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) ... actually drew an inference that such potential harm existed.'" *Herman*, 238 F.3d at 664 (quotation omitted).

With regard to conditions complained of, plaintiff has not alleged a serious deprivation. By his own admission, he spent no more than 90 minutes in the cell without clothes. Clearly, he alleged no physical harm resulting from his hour long exposure to those conditions. At worst, he suffered mental or emotional injury as a result of the incident. In other words, plaintiff has not stated a claim under the Eighth Amendment because the conditions complained of, while certainly disagreeable, were not so serious as to entitle him to the relief he seeks.

His claim is also subject to dismissal under 42 U.S.C. § 1997e(e), which provides, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)) (alteration in original). As shown above, plaintiff has alleged no physical injury resulting from his hour-long stay in lock down. Since he has alleged no physical injury as a result of these conditions of confinement, he has failed to state a claim for which relief may be granted. *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004); *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001).

Finally, plaintiff has not established deliberate indifference with regard to any of the defendants. By his own admission, the main defendant, Corrections Officer LaBelle, quickly authorized the return of his clothes, his release from detention, the restoration of his trustee status and job, and offered apologies for the inconvenience he suffered. As such, plaintiff cannot establish that any of the defendants subjectively desired that some physical harm befall the plaintiff.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(b)(i) and (ii) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on August 18, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)